### GRENVILLE D. WESTON *vs.* JOHN CHAMBERLIN.

If the first indorser of a promissory note, made payable to his order, is obliged to pay it, he may maintain an action for contribution against a subsequent indorser, on proving that, by an oral agreement between the indorsers at the time of indorsing the note, they were, as between themselves, co-sureties.

THIS was an action of assumpsit to recover of the defendant, as a co-surety, one third of the amount of a promissory note, which the plaintiff had been obliged to pay. By this note the Ashuelot Manufacturing Company as principals, and Henry Marsh, Bushrod Buck, and Abel Whiting, as sureties, jointly and severally promised to pay Grenville D. Weston or order, five thousand dollars and interest annually; and the note was indorsed " G. D. Weston, Henry Chamberlin, John Chamberlin."

At the trial in the court of common pleas, before *Byington*, J., the plaintiff offered to prove that the parties, whose names appeared on the note as indorsers, agreed between themselves, at the request of the Ashuelot Manufacturing

Company, and in order to enable them to obtain a loan of $5000 of one Willis, to indorse the note as co-sureties of said company, if Marsh, who was the agent of the company, would place certain securities in their hands for their joint benefit, and to indemnify them for their liability on the note ; that the three indorsed the note at the same time ; that the securities were deposited in the plaintiff's hands, to be held by him for their common benefit; that it was the understanding and agreement of the indorsers, at the time of the indorsement, that they should be liable one to the other as co-sureties on the note, and that the defendant had since made admissions to that effect, and had collected some of the proceeds of said securities, and appropriated them to his own use, and had always stated and claimed that he and the plaintiff and Henry Chamberlin were each entitled to one third part of said securities.

But the presiding judge, being of opinion that, as it appeared from the note that the plaintiff was first indorser thereon, the written contract was the proper evidence of the plaintiff's relation to the defendant and the other indorser, and that it was incompetent for him to prove by parol evidence that, in point of fact, he indorsed the note as co-surety with the defendant, because the effect thereof would be, to vary and control a written instrument by parol evidence, rejected the evidence ; whereupon a verdict was returned for the defendant, and the plaintiff alleged exceptions.

*E. Merwin,* for the plaintiff.

*J. Rockwell,* for the defendant.

METCALF, J. The court are of opinion that the evidence offered by the plaintiff was wrongly rejected. As between the defendant and the holders of the note, he was liable only as third indorser, after such proceedings had by them as are required by law to charge him in that relation. And the argument for him now is, that the relation between him and the plaintiff is to be ascertained from the note alone. But the authorities are decisive, that the plaintiff ought to have been permitted to prove that, as between him and the defendant, they were, by virtue of a collateral agreement, co-

sureties of the Ashuelot Manufacturing Company; although they were, as between themselves and the holders of the note, first and third indorsers. It is not a valid objection to such collateral agreement, that it was oral only. Proof of such oral collateral agreement does not contradict nor vary the written agreement. The two are distinct. *Phillips* v. *Preston*, 5 Howard, 278; *Harris* v. *Brooks*, 21 Pick. 195; *Carpenter* v. *King*, and *M'Gee* v. *Prouty*, 9 Met. 511, 547; 2 Amer. Lead. Cas. (1st ed.) 154, 164. *New trial ordered.*